## INHABITANTS OF BRIGHTON *versus* WALKER *& als.*

A deponent, before giving his deposition, is to be sworn to testify the truth, the whole truth and nothing but the truth, relating to the cause for which the deposition is to be taken. R. S. c. 133, § 15.

A caption, which certifies that "the deponent was first sworn according to law to the deposition by him subscribed, does not show a compliance with the statute requirement. Per SHEPLEY, C. J., WELLS and RICE, J. J.; — HOWARD and HATHAWAY, J. J. dissenting.

In an action upon the bond given by a collector of taxes, parole evidence is admissible to show that bills of assessment with legal warrant, were committed to the collector.

Such evidence, in connection with the collector's admission that a balance of the tax remained in his hands, will support such an action.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

DEBT on bond, given by the collector of taxes for the year 1844, with sureties, for the faithful collection of the taxes to him committed, and for payment of the same to the treasurer. Plea, performance.

To show the admission by the collector that a portion of the taxes which he had collected, yet remained in his hands, the plaintiffs offered a deposition, of one Waterhouse, which was objected to for the reason that the caption was insufficient.

Brighton *v.* Walker.

The portion of the caption upon which the objection was founded, was the words, "Jan'y 1, 1853, the aforesaid deponent was first sworn according to law, on this first day of January, 1853, to the aforesaid deposition by him subscribed this day."

The objection was overruled, and the deposition received.

It was testified by other witnesses, that the bills of assessment of all taxes required by law and by votes of the town to be assessed, with legal warrant, were duly committed to the collector, and that in 1852 he admitted that he owed the town, on the tax bills, $138,28, and that he had $110 of that balance in his hands, which he had offered to pay, and was ready to pay.

The case was submitted to the Court, upon the stipulation, that, if the action is maintainable upon the foregoing evidence or so much of it as was legally admissible, the defendants are to be defaulted.

*D. D. Stewart,* for the plaintiffs.

*J. S. Abbott,* for the defendants.

RICE, J. — The first question for consideration is, whether the deposition of the witness, Waterhouse, was admissible. The caption recites that " the deponent was first sworn according to law on this first day of Jan'y, 1853, to the aforesaid deposition, by him subscribed this day."

The R. S. c. 133, § 15, requires, that a deponent before giving his deposition, shall be sworn to "testify the truth, the whole truth, and nothing but the truth, relating to the cause or matter for which the deposition is to be taken." In this respect the deponent is treated in the same manner, and required to take substantially the same oath, as a witness upon the stand.

That the Court may determine whether a deponent has been duly sworn, the 17th section of the same statute requires the magistrate to state in the caption when the oath was administered.

It is contended that the words " was first sworn according to

law" necessarily imply, that he was sworn in the manner prescribed by the statute before giving his deposition. This is not so. A party who makes oath to the truth of facts, set out in an affidavit, is as truly " sworn according to law," as is the witness who is sworn in chief upon the stand, or the deponent to whom the statute oath is administered before giving his deposition.

The deponent, in this case, was sworn to the aforesaid deposition by him subscribed. This language clearly imports, that the deposition was written and subscribed by the deponent before the oath was administered. He thereby simply verified the facts contained in the statement subscribed by him. In other words it was only his affidavit. The law requires something more than this. It requires from the deponent, before he shall be permitted to testify on oath, not only, that the testimony to be given shall be true, but that he will testify the *whole truth* and *nothing but the truth* relating to the cause or matter for which his testimony is to be taken. This deposition should, therefore, have been rejected.

The plaintiff also introduced the deposition of Daniel Jones, who testified, that he was one of the assessors for the town of Brighton during all of the year 1844, and that said assessors made out and committed to Peter Walker, collector of said Brighton for said year, the bills of assessment of all taxes by law required to be assessed, and those raised by all votes of said town for said year 1844, together with a warrant in due form of law for collecting the same.

That on or about Sept. 28, 1852, he heard Peter Walker, one of the defendants, tell Daniel Danforth, at the post-office in Brighton, that he was ready and willing to admit that he owed the town of Brighton on the tax bills of 1844, $138,28 on settlement, and that said Walker had in his hands $110 of said money, that he had offered to pay over this last sum and was then ready to do it. The bond in suit was given by Walker to secure the discharge of his duty as collector of the town of Brighton for the year 1844.

From that portion of the evidence received at the trial,

which is admissible, we think the plaintiffs are entitled to recover, and judgment is to be entered accordingly as per agreement.

SHEPLEY, C. J., and WELLS, J., concurred.

HOWARD and HATHAWAY, J. J., concurred in the result.